1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   J.O.,

9              Plaintiff,

10         v.

11   TACOMA SCHOOL DISTRICT,

12              Defendant.

CASE NO. C14-5393 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND
COSTS

13

14      This matter comes before the Court on Plaintiff J.O.'s motion for attorney's fees

15   and costs (Dkt. 13). The Court has considered the pleadings filed in support of and in

16   opposition to the motion and the remainder of the file and hereby grants in part and

17   denies in part the motion for the reasons stated herein.

18                          **I. PROCEDURAL HISTORY**

19      On May 12, 2014, Plaintiff filed a complaint for the recovery of attorney's fees

20   and costs.  Dkt. 1.

21      The fees stem from an underlying administrative action under the Individuals with

22   Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA").  On October 4, 2013,

1 Plaintiff filed the request for an administrative hearing claiming that the Defendant

2 Tacoma School District ("District") had denied him a free, appropriate public education

3 for the last two years.  On October 25, 2013, the District served Plaintiff with an offer of

4 settlement, which Plaintiff rejected.  The offer included compensatory education and

5 some costs.

6      In February 2014, an Administrative Law Judge ("ALJ") held a four-day hearing

7 on the matter.  After the hearing, the ALJ found in favor of Plaintiff on some claims and

8 denied some claims.  Notably, the ALJ concluded that Plaintiff was entitled to

9 compensatory as well as prospective educational and related services.

10      On September 30, 2014, Plaintiff filed a motion for attorney's fees and costs.  Dkt.

11 13.  On October 31, 2014, the District responded.  Dkt. 21.  On November 21, 2014,

12 Plaintiff replied.  Dkt. 24.

13                                    **II. DISCUSSION**

14      Pursuant to the IDEA, the Court, "in its discretion, may award reasonable

15 attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child

16 with a disability . . . ."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  The Court may reduce a request

17 for attorney's fees if the Court finds that

18           (ii) the amount of the attorneys' fees otherwise authorized to be
           awarded unreasonably exceeds the hourly rate prevailing in the community
19           for similar services by attorneys of reasonably comparable skill, reputation,
           and experience; [or]
20           (iii) the time spent and legal services furnished were excessive
           considering the nature of the action or proceeding.

21

22

1    *Id*. § 1415(i)(3)(F)(ii)-(iii).  Fees, however, may not be recovered if the Court finds that

2    "the relief finally obtained by the parents is not more favorable to the parents than the

3    offer of settlement."  *Id*. § 1415(i)(3)(D)(i)(III).

4        In this case, the parties dispute the amount of attorney's fees that Plaintiff may

5    recover.  First, the District argues that the majority of the requested fees are barred

6    because the ultimate award was not more favorable than the offer of settlement.  Dkt. 21

7    at 11–13.  The District concedes, as it must, that the ultimate award resulted in at least

8    13.5 hours of additional educational services above what the District included in the offer

9    of settlement.  *Id*. at 13.  The District, however, argues that the Court should consider the

10    District's offer of $2,000 of reimbursement and the assumption that the educational

11    services are valued at approximately $70 per hour.  *Id*.  Even if the Court adopted the

12    District's approach, the District's monetary offer was for services "incurred by the time

13    of the offer" (Dkt. 21 at 6), whereas the ultimate award included continuing eligibility for

14    educational services.  Based on the language of the statute, the ultimate award was more

15    favorable than the offer.  Therefore, the Court declines to deny fees based on the statutory

16    bar.

17        Second, the District argues that the attorneys' hourly rates are unreasonable.

18    Angela Sparow bills at $250 per hour, and Robert Rhode bills at $400 per hour.  Dkts. 14

19    & 15.  The Court finds that these rates unreasonably exceed the prevailing rate in the

20    community for this type of work.  For example, there is evidence in the record that the

21    prevailing rate for a newer educational law attorney is between $180 to $200 per hour

22    and evidence of a reasonable comparator attorney Katherine George who charges $200

1  per hour.  Dkts. 16 & 17.  Based on this evidence, the Court finds that Ms. Sparow's and

2  Mr. Rhode's rates unreasonably exceed the prevailing rate in the community for similar

3  services.  Therefore, the Court reduces all rates to $200 per hour.

4         Third, the District argues that the hours expended were unreasonable.  Plaintiff

5  requests 176.3 hours for work on the administrative hearing.  Although Ms. Sparow

6  achieved favorable results, the Court finds this amount of time excessive.  176 hours for a

7  four-day hearing is approximately a full forty-hour work week per day of the hearing.

8  The Court is unable to find the requested number of hours reasonable considering the

9  nature of the proceeding.  The Court finds that three times the duration of the hearing, or

10  96 hours, is more reasonable, and the Court will include an additional four hours for post

11  hearing issues.  Therefore, the Court reduces Ms. Sparow's time to 100 hours.

12         Fourth, the District argues that the request for fees should be reduced proportional

13  to Plaintiff's limited success.  In fee determinations under the IDEA, the Court may

14  proportionally reduce a request based on a plaintiff's degree of success.  *Aguirre v. Los*

15  *Angeles Unified School Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006).  Under this standard,

16  the Court employs a two-part test: (1) whether Plaintiff prevailed on unrelated claims

17  ("[h]ours expended on unrelated, unsuccessful claims should not be included in an award

18  of fees"), and (2) whether "the plaintiff achieve[d] a level of success that makes the hours

19  reasonably expended a satisfactory basis for making a fee award."  *Webb v. Sloan*, 330

20  F.3d 1158, 1168 (9th Cir. 2003) (internal quotation omitted).  In this case, the Court finds

21  that all of Plaintiff's claims were related because they all involved a common core of

22  facts regarding Plaintiff's education and discipline.  *See* Dkt. 21 at 18–19 (chart).  In fact,

ORDER - 4

1   the only claim that could be considered distinct is the claim that the District failed to

2   provide transportation, but Plaintiff won this claim.  Therefore, the Court denies the

3   District's request to proportionally reduce the fees based on the degree of success.

4          Finally, the District argues that the requested fees for this action for fees are

5   excessive and that Plaintiff is not entitled to pre-judgment interest.  With regard to the

6   fees for this action, the combined work of 33.4 hours at $200 per hour is not excessive

7   and is reasonable.  With regard to pre-judgment interest, the Court denies Plaintiff's

8   request because there was a genuine dispute as to the amount of recoverable fees.

9                                      **III. ORDER**

10          Therefore, it is hereby **ORDERED** that Plaintiff's motion for attorney's fees and

11   costs (Dkt. 13) is **GRANTED in part** and **DENIED in part** as stated herein.  Plaintiff

12   shall file a proposed order of award consistent with this order.

13          Dated this 5th day of January, 2015.

14

15                                      _____
                                        BENJAMIN H. SETTLE
16                                      United States District Judge

17

18

19

20

21

22

ORDER - 5